UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


David A. Farmer,                                Case No. 3:19-cv-01189

      Plaintiff

v.                                              MEMORANDUM OPINION
                                                AND ORDER

Tara Reece, et al.,

      Defendants


### BACKGROUND AND HISTORY

*Pro se* Plaintiff David A. Farmer filed this action under 42 U.S.C. §§ 1985 and 1986 against Marion Correctional Institution ("MCI") Health Care Administrator Tara Reece and MCI nurses Cora Metz, Betsy Harringar, Jesse Glass, and Jason Hughes. In the Complaint, Plaintiff alleges Defendants did not follow post-operative wound care instructions from the surgeon, which led to additional surgery. He seeks monetary damages.

Plaintiff alleges he contracted a Methicillin-Resistant Staphylococcus Aureus (MRSA) infection at MCI.[1] He went to the medical department in November 2017. He states Glass and Hughes examined his foot but did not refer him to the doctor. He claims, without explanation, that

---

[1] Plaintiff alleges he contracted a MERCER infection. The Court liberally construes this allegation as one involving MRSA, Methicillin-Resistant Staphylococcus Aureus, a Staphylococcus (staph) bacterial infection that is resistant to many different antibiotics.

this led to a surgical procedure at the Ohio State University Hospital to removal a portion of bone. He indicates he returned with specific wound care instructions, which he does not include in his Complaint. He alleges, without explanation, that Metz, Harringar, Glass, and Hughes refused to the follow the orders and instead began to "stuff [his] wound with some kind of materials." (Doc. No. 1 at 3). Plaintiff contends his wound got larger and did not heal, requiring him to have a second surgery to remove additional bone. Upon his return to MCI, he confronted the Health Care Administrator, Tara Reece, and asked why the nurses were packing his wound. He claims Reece told him there were no orders for his foot to be packed and left to speak with her staff. Plaintiff claims the Defendants conspired to cover up the situation in violation of 42 U.S.C. § 1985 and seeks monetary damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned,

2

the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff fails to state a plausible claim under 42 U.S.C. § 1985. To establish a violation of § 1985, Plaintiff must allege that the Defendants conspired together for the purpose of depriving the Plaintiff of equal protection of the law and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory intent. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff must allege sufficient factual allegations to link the Defendants in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

Here, Plaintiff does not allege any facts to suggest the Defendants conspired together. His allegations of conspiracy are entirely conclusory. Moreover, to state a claim under § 1985, the conspiracy must be motivated by racial or other class-based discrimination. Plaintiff gives no indication that the Defendants intended to discriminate against him on the basis of race or membership in a protected class.

Because Plaintiff has failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of

any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge